# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| DAVID W. SHORTT, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-00029 |
| ) | |
| ISLAND CREEK COAL COMPANY, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

## ANSWER

Defendants, Island Creek Coal Company ("Island Creek") and Consolidation Coal Company ("Consolidation")(hereinafter "Defendants"), answer Plaintiffs' Amended Complaint as follows:

## PARTIES

1. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 1, therefore deny the same.

2. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 2, therefore deny the same.

3. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 3, therefore deny the same.

4. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 4, therefore deny the same.

5. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 5, therefore deny the same.

6. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 6, therefore deny the same.

7. Defendants admit that Island Creek is a corporation engaged in the business of mining, processing and transporting coal. Defendants admit that Island Creek is incorporated under the laws of the State of Delaware and has conducted business in Virginia. Defendants deny all remaining allegations contained in Paragraph 7.

8. Defendants deny the allegations contained in Paragraph 8.

## JURISDICTION & VENUE

9. Defendants state Paragraph 9 calls for a legal conclusion and therefore no response is required. However, to extent there are any factual allegations contained herein, they are denied.

10. Upon information and belief, Defendants admit the allegations contained in Paragraph 10.

## FACTS

11. Defendants state Paragraph 11 calls for a legal conclusion and therefore no response is required. However, to extent there are any factual allegations contained herein, Defendants lack sufficient information to admit or deny, and therefore deny the same.

12. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 12, therefore deny the same.

13. Defendants deny the allegations contained in Paragraph13.

14. Defendants deny the allegations contained in Paragraph14.

15. Defendants deny the allegations contained in Paragraph 15.

16. Defendants deny the allegations contained in Paragraph 16 as stated.

17. Defendants deny the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants deny the allegations contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31

32. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 32 as to whether Plaintiffs have undertaken any cleanup or incurred any cleanup costs, and therefore deny the same. Defendants deny all remaining allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. Defendants deny the allegations contained in Paragraph 35.

36. Defendants deny the allegations contained in Paragraph 36.

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40.

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42.

43. Defendants deny the allegations contained in Paragraph 43.

44. Defendants deny the allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

47. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 47, therefore deny the same.

48. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 48, therefore deny the same.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

51. Defendants deny the allegations contained in Paragraph 51.

52. Defendants deny the allegations contained in Paragraph 52.

53. Defendants deny the allegations contained in Paragraph 53.

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants deny the allegations contained in Paragraph 55.

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

58. Defendants deny the allegations contained in Paragraph 58.

59. Defendants deny the allegations contained in Paragraph 59.

60. Defendants deny the allegations contained in Paragraph 60.

61. Defendants deny the allegations contained in Paragraph 61.

62. Defendants deny the allegations contained in Paragraph 62.

63. Defendants deny the allegations contained in Paragraph 63 and all is subparts.

64. Defendants deny the allegations contained in Paragraph 64.

65. Defendants deny the allegations contained in Paragraph 65.

66. Defendants deny the allegations contained in Paragraph 66.

67. Defendants deny the allegations contained in Paragraph 67.

68. Defendants deny the allegations contained in Paragraph 68.

69. Defendants deny the allegations contained in Paragraph 69.

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants deny the allegations contained in Paragraph 71.

72. Defendants deny the allegations contained in Paragraph 72.

73. Defendants deny the allegations contained in Paragraph 73.

## COUNT I: TRESPASS

74. Defendants restate and reincorporate their responses to paragraphs 1-73.

75. Defendants deny the allegations contained in Paragraph 75.

76. Defendants deny the allegations contained in Paragraph 76.

77. Defendants state Paragraph 77 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

## COUNT II: WASTE

78. Defendants restate and reincorporate their responses to paragraphs 1-77.

79. Defendants deny the allegations contained in Paragraph 79.

80. Defendants state Paragraph 80 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

81. Defendants deny the allegations contained in Paragraph 81.

### COUNT III: UNJUST ENRICHMENT

82. Defendants restate and reincorporate their responses to paragraphs 1-81.

83. Defendants deny the allegations contained in Paragraph 83.

84. Defendants deny the allegations contained in Paragraph 84.

85. Defendants deny the allegations contained in Paragraph 85.

86. Defendants deny the allegations contained in Paragraph 86.

87. Defendants state Paragraph 87 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

### COUNT IV: NEGLIGENCE: SIMPLE & GROSS

88. Defendants restate and reincorporate their responses to paragraphs 1-87.

89. Defendants state Paragraph 89 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

90. Defendants deny the allegations contained in Paragraph 90.

91. Defendants state Paragraph 91 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

92. Defendants deny the allegations contained in Paragraph 92.

### COUNT V: NUISANCE

93. Defendants restate and reincorporate their responses to paragraphs 1-92.

94. Defendants deny the allegations contained in Paragraph 94.

95. Defendants state Paragraph 95 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

96. Defendants deny the allegations contained in Paragraph 96.

97. Defendants state Paragraph 97 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

## COUNT VI: FRAUD

98. Defendants restate and reincorporate their responses to paragraphs 1-97.

99. Defendants deny the allegations contained in Paragraph 99.

100. Defendants deny the allegations contained in Paragraph 100.

101. Defendants state Paragraph 101 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

102. Defendants deny the allegations contained in Paragraph 102 as stated.

103. Defendants deny the allegations contained in Paragraph 103.

104. Defendants deny the allegations contained in Paragraph 104

105. Defendants deny the allegations contained in Paragraph 105.

106. Defendants deny the allegations contained in Paragraph 106.

107. Defendants deny the allegations contained in Paragraph 107.

108. Defendants deny the allegations contained in Paragraph 108.

109. Defendants deny the allegations contained in Paragraph 109.

110. Defendants deny the allegations contained in Paragraph 110.

111. Defendants state Paragraph 111 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

112. Defendants deny the allegations contained in Paragraph 112.

113. Defendants state Paragraph 113 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

### COUNT VII: BREACH OF CONTRACT

114. Defendants restate and reincorporate their responses to paragraphs 1-113

115. Defendants deny the allegations contained in Paragraph 115.

116. Defendants deny the allegations contained in Paragraph 116.

117. Defendants deny the allegations contained in Paragraph 117.

118. Defendants deny the allegations contained in Paragraph 118.

119. Defendants deny the allegations contained in Paragraph 119.

120. Defendants state Paragraph 120 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

121. Defendants state Paragraph 121 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

122. Defendants state Paragraph 122 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

123. Defendants deny the allegations contained in Paragraph 123.

124. Defendants deny the allegations contained in Paragraph 124.

125. Defendants state Paragraph 125 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

## COUNT VII: CONSPIRACY

126. Defendants restate and reincorporate their responses to paragraphs 1-125.

127. Defendants state Paragraph 127 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

## COUNT VIII: INJUNCTIVE RELIEF

128. Defendants restate and reincorporate their responses to paragraphs 1-127.

129. Defendants state Paragraph 129 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

130. Defendants state Paragraph 130 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

131. Defendants state Paragraph 131 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

132. Defendants state Paragraph 132 and all subparts call for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

133. Defendants state Paragraph 133 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

134. Defendants state Paragraph 134 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

## DAMAGES: COMPENSATORY

135. Defendants restate and reincorporate their responses to paragraphs 1-134

136. Defendants state Paragraph 136 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

## DAMAGES: PUNITIVE

137. Defendants restate and reincorporate their responses to paragraphs 1-136.

138. Defendants state Paragraph 138 calls for a legal conclusion, and therefore no response is required. However, to extent there a factual allegations contained therein they are denied.

# AFFIRMATIVE DEFENSES

139. Defendants will rely on the intra-corporate immunity doctrine where related entities that share common ownership or control are incapable of conspiracy. *See Zachair, Ltd. V. Drigess*, 1998 U.S. App. LEXIS 8351, 1998 U.S. App. LEXIS 8351 (4th Cir. 1998)(unpublished opinion); *Advanced Health-Care Servs. V. Radford Community Hosp.*, 910 f.2d 139, 146-14 (4th Cir. 1990)(two wholly-owned subsidiaries of same parent corporation are incapable of conspiring).

140. Plaintiffs' claims may be barred to the extent that they lack standing under the facts, relevant leases and/or other documents to pursue the claims asserted and the relief sought.

141. Plaintiffs' claims may be barred to the extent that they lack the interests in the leasehold premises, coal, oil, gas and/or other mineral rights, as alleged.

142. Plaintiffs' recovery is time barred by the applicable statute(s) of limitations or precluded by the doctrines of laches.

143. Defendants have the legal right to perform the action(s) of which Plaintiffs complain.

144. Plaintiffs' claims are barred pursuant to Va. Code § 55-154.2.

145. Defendant's actions are governed by federal and state regulations and agencies, and Defendants acted in conformity with such regulations and agencies' actions and directives.

146. Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

147. Defendants deny that Plaintiffs have been damaged to the extent alleged, if at all, and demands strict proof thereof. Plaintiffs have failed to mitigate their damages, if any.

148. Plaintiffs' equitable claim for injunctive relief is invalid and not supported by fact or law. Furthermore, injunctive relief is not feasible, and Plaintiffs cannot prove the elements required for same, including that an adequate remedy is not available at law, particularly given Plaintiffs' other claims for monetary damages.

149. Defendants affirmatively aver that CERCLA has no application to this case.

150. To the extent CERCLA has any application to the matters pled, Plaintiffs may not avail themselves of any provision thereof because they have pled that they have not undertaken any cleanup or incurred any cleanup costs.

151. Plaintiffs' request for punitive damages violates the United States Constitution and Virginia Constitution, including but not limited to principles of procedural and substantive due process and prohibitions against excessive fines.

152. Plaintiffs are not entitled to recover their attorney's fees under any theory.

153. To the extent that Defendants are not advised of all of the facts and circumstances surrounding the events referred to in the First Amended Complaint, Defendants reserve the right to assert any and all other affirmative defenses that discovery and the evidence may reveal as applicable and reserve their right to seek leave to amend this pleading.

WHEREFORE, Defendants, Consolidation Coal Company and Island Creek Coal Company, by their undersigned counsel, respectfully request this Court to dismiss this case with prejudice, award them their costs, and any such other relief this Court deems just and necessary.

Dated: September 25, 2015

Respectfully Submitted,

**ISLAND CREEK COAL COMPANY AND CONSOLIDATION COAL COMPANY**

*By Counsel*

By:   /s/ Jonathan T. Blank
Jonathan T. Blank (VSB No. 38487)
Larissa LPC Sneathern (VSB No. 44430)
Attorneys for Defendants
McGuire Woods LLP
P.O. Box 1288
Charlottesville, VA 22902-1288
(434) 977-2509 – Telephone
(434) 980-2258 – Facsimile
*jblank@mcguirewoods.com*
*lsneathern@mcguirewoods.com*

David Grant Altizer (VSB No. 14556)
Mandy Varney French (VSB No. 68744)
Attorneys for Defendants
ALTIZER, WALK & WHITE PLLC
209 East Main Street
Tazewell, Virginia 24651
(276) 988-7979 – Telephone
(276) 988-6707 – Facsimile
*dga@awwlaw.com*
*mvf@awwlaw.com*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, 2015, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Timothy W. McAfee (VSB: #21779)
>Timothy W. McAfee, PLLC
>The McAfee Law Firm
>408 Wood Avenue
>P.O. Box 610
>Big Stone Gap, VA 24219
>Telephone: (276) 523-5300
>Fax: (540) 301-5777
>E-Mail: tmcafee@timothymcafee.com

/s/     Jonathan T. Blank